IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN ALEXANDER CRUMBSY, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:14-cv-03971-TWT-RGV |
| FRIESE ENTERPRISES, *et al.*, | |
| Defendants. | |

**ORDER FOR SERVICE OF FINAL
REPORT, RECOMMENDATION, AND ORDER**

Attached is the Final Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 31st day of December, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN ALEXANDER CRUMBSY, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:14-cv-03971-TWT-RGV |
| FRIESE ENTERPRISES, *et al.*, | |
| Defendants. | |

### MAGISTRATE JUDGE'S ORDER AND
### FINAL REPORT AND RECOMMENDATION

On December 15, 2014, plaintiff Melvin Alexander Crumbsy ("plaintiff"), proceeding without counsel, filed this employment discrimination lawsuit against defendants Friese Enterprises, Carl Friese, and The Village Corner, collectively referred to as "defendants," alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. [Docs. 1 & 3].[1] Plaintiff's complaint failed to state a plausible claim to relief, however, and on December 19, 2014, the Court issued an Order directing plaintiff to file an amended complaint within 14 days, addressing the deficiencies of his original complaint and setting forth allegations stating a plausible claim of discrimination. See [Doc. 2].[2] The

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Plaintiff's initial application to proceed *in forma pauperis*, [Doc. 1], was denied as incomplete in the Court's December 19, 2014, Order, see [Doc. 2], after which

Order also cautioned plaintiff that "failure to comply with this [] Order may result in the dismissal of this action." [Id. at 4 (footnote omitted)]. Plaintiff filed an amended complaint on December 23, 2014, [Doc. 3], but the amended complaint does not conform to the requirements of the Court's December 19, 2014, Order, nor does it state a plausible claim for relief under Title VII. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim and for failure to obey the Court's Order.

## I. DISCUSSION

While plaintiff's amended complaint addresses some of the deficiencies found in his original complaint, see [Doc. 3 at 4, 10 (attaching copy of Equal Employment Opportunity Commission ("EEOC") Notice of Right-to-Sue letter and stating date on which he received that letter, as required by paragraph 8 of form complaint)], plaintiff has failed to comply with certain other instructions that were clearly articulated in the Court's December 19 Order. In particular, plaintiff has failed to attach a copy of a timely filed EEOC charge as required by paragraph 7 of the form complaint, see [id. at 4]; see also [Doc. 2 at 3-4 (directing plaintiff to "attach[] the

---

plaintiff timely filed a revised application to proceed *in forma pauperis*, [Doc. 4], which complies with the requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's motion to proceed *in forma pauperis*, [Doc. 4], is hereby **GRANTED**, and plaintiff shall be allowed to proceed with this action without prepayment of docket costs or United States Marshal Service fees.

charge of discrimination . . . as required by paragraph[] 7 . . . of the form complaint")], nor has he otherwise alleged that he has exhausted his administrative remedies prior to filing suit under Title VII, see generally [Doc. 3]. "A plaintiff may not sue under Title VII," however, "unless []he first exhausts administrative remedies by filing a timely charge of discrimination with the EEOC." Garry v. Walgreen Co., No. 1:12–CV–139 (WLS), 2013 WL 3449196, at *2 (M.D. Ga. July 9, 2013) (citations omitted) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)); see also Wilkerson, 270 F.3d at 1317 ("Before a plaintiff may sue for discrimination under Title VII, []he must first exhaust [his] administrative remedies."); Haney v. Fulton Cnty. Sheriff's Office, Civil Action File No. 1:14-cv-01966-ODE, at [Doc. 4 at 4] (N.D. Ga. July 23, 2014), adopted at [Doc. 6] (N.D. Ga. Aug. 18, 2014) (citation omitted) (dismissing *pro se* plaintiff's Title VII discrimination claim where plaintiff "failed to attach a copy of his charge of discrimination filed with the [EEOC], as required by paragraph 7 of the form complaint")]; Hallback v. Hillsborough Cnty., Fla., No. 8:10-cv-888-T-33TBM, 2010 WL 3701342, at *2 (M.D. Fla. Sept. 15, 2010) (Title VII claim dismissed where plaintiff failed to attach the EEOC charge or otherwise allege that she timely presented her claim of discrimination to the EEOC).

Moreover, despite the Court's order that plaintiff "file an amended complaint that states facts to support a plausible claim of discrimination," [Doc. 2 at 3-4],

plaintiff has once again failed to allege sufficient facts to support a viable claim under Title VII. For one thing, plaintiff has named "Carl Friese" as an individual defendant in this action, but "individual defendants 'cannot be held liable under . . . Title VII'" as a matter of law. See Denson v. City of Coll. Park, Civil Action File No. 1:07-CV-1624-TWT, 2009 WL 302192, at *6 (N.D. Ga. Feb. 5, 2009), adopted at *1 (quoting Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995)); see also Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); Williams v. Ala. Dep't of Corr., No. 4:12–CV–4043–KOB, 2014 WL 636977, at *7 (N.D. Ala. Feb. 18, 2014) (citing Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996)) ("No individual liability exists under . . . Title VII[.]").[3]

In addition, although plaintiff purports to bring claims of racial and religious discrimination under Title VII, see [Doc. 3 at 6-7], he has failed to plead facts that

---

[3] Plaintiff has also named Friese Enterprises and The Village Corner as defendants, but he has failed to specify which, if either, of these entities was his employer. See generally [Doc. 3]; see also Archibald v. United Parcel Serv. Co., No. 7:12-cv-03492-LSC, 2014 WL 3547050, at *4 n.7 (N.D. Ala. July 15, 2014) (emphasis added) (quoting Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam)) (noting that "'relief under Title VII is available against *only the employer*'"); McQueen v. Wells Fargo Home Mortg., 955 F. Supp. 2d 1256, 1271 (N.D. Ala. 2013) aff'd sub nom. McQueen v. Wells Fargo, 573 F. App'x 836 (11th Cir. 2014) (per curiam) (unpublished) (quoting 42 U.S.C. § 2000e-2)) ("Only [] plaintiff's 'employer' may be held liable under Title VII for alleged discrimination against [him].").

plausibly support a claim that his employer took any adverse action against him on the basis of his race or religion, see generally [Doc. 3]. Instead, plaintiff appears to allege simply that he was "physically assaulted" "at the workplace," and that "th[e] company didn't [] provide [a] safe work place" for him "[b]ecause of [his] race . . . . [and his] religion[.]" [Id. at 7]; see also [id. (alleging that "the color of [his] skin played a major role in why [the] company showed lack of interest in a safe work place for its employee")]. To state a plausible discrimination claim, however, "[p]laintiff must set forth specific allegations . . . demonstrat[ing] that he was treated differently because of his race [or religion], that is, he must set forth sufficient allegations that race [or religion] was the reason he [suffered an adverse employment action].'" Jacobs v. Biando, No. 1:12–cv–04437–WSD, 2013 WL 3243625, at *7 (N.D. Ga. June 26, 2013), adopted at *5, aff'd No. 13-13405, 2014 WL 6613158 (11th Cir. Nov. 24, 2014) (per curiam) (unpublished) (quoting Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D. Tex. Feb. 18, 2011)). Thus, because plaintiff has not adequately alleged that his employer took any challenged employment actions against him because of his race or his religion, he has failed to state a plausible Title VII discrimination claim. See Vega v. Invsco Grp., Ltd., 432 F. App'x 867, 870 (11th Cir. 2011) (per curiam) (unpublished); Jacobs, 2013 WL 3243625, at *7 (first, third, and fifth alterations in original) (citation omitted) (quoting Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ.

11316(HB), 2008 WL 3861352, at *5 (S.D.N.Y. Aug. 19, 2008)) (observing that "a complaint that 'provides no . . . detail manifesting any form of racial [or religious] animus, discriminatory words, prior incidents or other indications that [the plaintiff's] race [or religion] played a role in [the employer's] decision to [take an adverse action against him]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)"); Washington v. Sprint Food Stores, Inc., Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer).

On his amended form complaint, plaintiff also checked off "harassment," "termination of employment," and "retaliation" as the conduct about which he is complaining in this lawsuit. See [Doc. 3 at 6]. Plaintiff has failed to plead any facts concerning his alleged termination, however, nor has he adequately alleged any of the essential elements of a Title VII retaliation claim. See generally [Doc. 3]; see also Jacobs v. Donnelly Commc'ns, No. 1:13-CV-980-WSD, 2013 WL 5436682, at *5 n.3 (N.D. Ga. Sept. 27, 2013), adopted at *3 (citing Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1

(S.D. Ga. Dec. 10, 2012)) (outlining elements of retaliation claim under Title VII).[4] The scant allegations of the amended complaint are likewise insufficient to establish actionable harassment under Title VII as a matter of law. See [Doc. 3 at 7 (alleging that he "[d]iscuss[ed] issues with [the o]wner on two occasion[s]," whereupon the "[o]wner mocked and laughed," and "the [] company show[ed] no interest in what [he] was telling [the] owner"); Jacobs, 2014 WL 6613158, at *3 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[I]solated incidents that are not extremely serious are not sufficiently severe or pervasive to create an objectively hostile work environment[.]")); Williams v. JPI Jones Pharm., No. 8:03-CV-2561T30MAP, 2005 WL 1863402, at *3 (M.D. Fla. July 29, 2005) (citations omitted) (acts of discrimination alleged by plaintiff, although "shameful," "inconsiderate," and "offensive," did not

---

[4] In particular, plaintiff has not alleged that he engaged in statutorily protected activity under either the opposition clause or the participation clause of Title VII, or that any such protected activity was causally connected to a materially adverse action taken against him by his employer. See generally [Doc. 3]; see also Hammond v. City of Eufaula, No. 211-CV-1045-WKW, 2012 WL 4343871, at *3 (M.D. Ala. Sept. 20, 2012) (citations omitted) (dismissing Title VII retaliation claim where plaintiffs "failed to allege facts [] plausibly show[ing] any statutorily protected conduct under Title VII's opposition clause, or any protected participation under Title VII's participation clause"); Ramjit v. Benco Dental Supply Co., No. 6:12–cv–528–Orl–28DAB, 2012 WL 3024437, at *2 (M.D. Fla. July 24, 2012) (dismissing Title VII retaliation claim where plaintiff failed to establish that she engaged in "protected activity"); Ayubo v. City of Edgewater, No. 6:08-cv-1197ORL31GJK, 2009 WL 113381, at *3 (M.D. Fla. Jan. 16, 2009) (Title VII retaliation claim dismissed where plaintiff "fail[ed] to allege a causal link" between alleged protected activity and the retaliatory conduct of his employer).

rise to the level of actionable harassment because they were "not sufficiently severe to alter the terms and conditions of her employment").[5]

Nor may plaintiff premise a viable claim of discriminatory harassment against his employer on the alleged "assault" that occurred at the workplace, see [Doc. 3 at 7 (seemingly alleging that the "company['s]" lack of "interest in what [plaintiff] was telling [the] owner . . . le[]d to [assault] at the work place[] by [an] employee and non[-]employee")], both because plaintiff does not allege that the "assault" was discriminatory, and because, even if plaintiff had alleged that the assault was somehow discriminatory, he does not allege that the assault was perpetrated by his employer, or that his employer knew that the assault was taking place but failed to take remedial action, see generally [Doc. 3]; see also Manley v. Dekalb Cnty., Ga., No. 13-14503, 2014 WL 4346815, at *5 (11th Cir. Sept. 3, 2014) (per curiam) (unpublished) (citing Watson v. Blue Circle, Inc., 324 F.3d 1252, 1257 (11th Cir. 2003)) ("If a Title VII plaintiff alleges harassment by [a] coworker[], []he must show the

---

[5] Plaintiff further alleges, via a check-mark on his form complaint, that he "work[ed] under terms and conditions of employment that differed from similarly situated employees," see [Doc. 3 at 6], but he has failed to identify any of these alleged comparators, much less a similarly situated comparator who was treated more favorably in circumstances "nearly identical" to his own, see Walach v. Shineski, No. 11–80412–CIV, 2012 WL 664277, at *3 (S.D. Fla. Feb. 28, 2012) (citations omitted) ("In evaluating the 'similarly situated' component in cases involving allegedly discriminatory discipline or preferential treatment, the 'quantity and quality' of the comparator's circumstances must be 'nearly identical' to those of the plaintiff.").

8

employer had either actual or constructive knowledge of the harassment, and failed to take corrective action."); Parris v. Keystone Foods, LLC, 959 F. Supp. 2d 1291, 1308 (N.D. Ala. 2013) (alleged discriminatory conduct of co-worker did not raise inference of discriminatory intent on the part of employer where plaintiff failed to "plausibly impute [the conduct] to those responsible for [the alleged adverse action]"); Williams, 2005 WL 1863402, at *3 (citing Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir. 2002)) (noting that "[an] employer[] [is] not responsible for acts for which [it] [does] not have actual or constructive knowledge").[6]

Pursuant to [Rule] 41(b)[of the Federal Rules of Civil Procedure], a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[7]  Because plaintiff has failed to comply with the Court's December 19, 2014, Order,

---

[6] Similarly, to the extent plaintiff alleges discrimination based on his employer's "[f]ailure to maintain [a] safe work enviroment [sic]," see [Doc. 3 at 6]; see also [id. at 7], his discrimination claim remains implausible on its face, since he has not pled any facts indicating that this purported "[f]ailure" on the part of his employer was motivated by a discriminatory animus with respect to his race or religion.

[7] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

notwithstanding the specific admonition that failure to comply may "result in the dismissal of this action," [Doc. 2 at 4 (footnote omitted)], it is hereby **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**. See Wallace v. Wells Fargo Home Mortg., Inc., 1:12-cv-04172-JEC, at [Doc. 5] (N.D. Ga. Jan. 3, 2013); Medrano v. Am. Home Mortg. Servicing, Civil Action File No. 1:09–CV–1003–BBM, 2009 WL 2486313, at *2 (N.D. Ga. Aug. 12, 2009), adopted at *1; Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing complaint where *pro se* plaintiff failed to comply with lawful orders of the court after being advised of the consequences, including dismissal, for failure to comply).

Since plaintiff is proceeding is *pro se*, the Court is also "required to dismiss the case if it [] is frivolous . . . [ or] . . . fails to state a claim on which relief may be granted[.]" Morgan v. Flex Tec, Civil Action No. 5:12–CV–191 (MTT), 2012 WL 5398401, at *1 (M.D. Ga. Nov. 5, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)). "An action is frivolous when the complaint 'lacks an arguable basis either in law or in fact[,]'" Jolly v. United States, No. 4:11–CV–180–CDL–MSH, 2011 WL 6101551, at *2 (M.D. Ga. Dec. 7, 2011), adopted by 2011 WL 6749839, at *1 (M.D. Ga. Dec. 23, 2011) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)), or "if it is based on an 'indisputably meritless' legal theory," Johnson v. Wilbur, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted). Because plaintiff's

amended complaint fails to state a plausible claim to relief, it is also **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as frivolous.[8] See Morgan, 2012 WL 5398401, at *2 (dismissing *pro se* plaintiff's Title VII claim "[b]ecause of frivolity and failure to state a claim").

## II. CONCLUSION

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis*, [Doc. 4], is **GRANTED**, but it is **RECOMMENDED** that his amended complaint, [Doc. 3], be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and for failure to comply with the Court's December 19, 2014, Order.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED AND DIRECTED**, this 31st day of December, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[8] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).